# CIRCUIT COURT OF THE CITY OF ROANOKE

In re Estate of
Evelyn J. Underwood,
Deceased

September 6, 2001

Case No. CH01-73

BY JUDGE ROBERT P. DOHERTY, JR.

The will of Testatrix, as well as a home made codicil, were both probated after her death. The will devised real estate to her husband, in trust, and authorized the Trustee to invade principal whenever the income was insufficient to provide for the husband's support, maintenance, welfare, and comfort. The codicil changed some bequests and contained the following language concerning a parcel of land devised to the husband's trust:

> Regarding the property — 35.7 acres of land owned near Moneta in Bedford County is not to be sold at my death, but shall remain in family so long as any one of my three sons are alive, unless sale is fully agreeable by all three sons and taxes to be their responsibility and land to be used for recreational purposes.

The issues raised include the rights of adopted children, remaindermen, and disclaimed beneficiaries. Several of the Testatrix's three remaining sons ask the Court to find that the language of the codicil devised the property to all three sons. A grandson, who was one of the remaindermen of the trust, asks the Court to find that this codicil is nothing more than a restraint on the ability of the Trustee to sell the land. The Court finds that the grandson's construction is correct.

*Real Estate*

The cardinal rule in the construction of wills is that the intention of the testator, if not inconsistent with the rule of law or public policy, must control. See *Shelton v. Shelton*, 1 Va. (1 Wash.) 53 (1791). This intention must be gathered from the whole will, including the codicil. *Pitman v. Rutledge*, 198 Va. 567, 573 (1956). The codicil did not cancel the trust provision in the will, and there is no language in the codicil devising the real estate to the Testatrix's children. The codicil simply says that for as long as any of the three sons are alive, the Trustee must receive their permission before he sells the land for the benefit of the decedent's husband. This amounts to nothing more than a restraint or condition precedent upon the Trustee's power to sell the real estate. In return for that veto power over the sale of the land, the three sons, or the survivor of the three of them, are required to pay the annual real estate taxes. The question is raised concerning who pays the annual real estate taxes on the other parcels of land conveyed to the husband in trust. Since there is no similar limitation on the Trustee in his ability to sell that land, those real estate taxes are to be paid by the Trustee.

*Remaindermen*

Darrell Craft is one of the remaindermen under the Will. The language of the codicil does not alter his rights to inherit. When an estate is conveyed in one instrument by clear and unambiguous words, as is the case here, only words of equal clarity and decisiveness can diminish or destroy the estate. *Smith v. Trustees of Baptist Orphanage*, 194 Va. 901, 908 (1958). No such destructive language is found in the codicil.

*Disclaimed Beneficiary*

The Testatrix clearly and decisively eliminated Phillip Bryan Underwood, Jr., from being a beneficiary by the language contained in Article I(C) of her Will. When the codicil and the Will are read together, this provision does not change. Therefore, Phillip Bryan Underwood, Jr., is treated by the Testatrix as if he never existed. He does not take anything from or through her estate.

*Adopted Children*

The answer to the question concerning the inheritance rights of adopted children is clearly contained in the will. The standard rule of construction is

that adopted children are not deemed to be included when the word issue is used, as issue is a biological term meaning issue of the body. *Hyman v. Glover*, 232 Va. 140, 146 (1986). However, the Testatrix has explicitly excluded that construction. She has instead specifically included adopted children in her use of the term issue, as evidenced by the language of Article IX(D) of her will. Therefore, adopted children are treated under the terms of this will as though they were the issue of decedent's children.

### Personal Property

The codicil is clear and unambiguous in its directions concerning the personal property of the Testatrix. Where it conflicts with the terms of the will, the codicil controls, except that Phillip Bryan Underwood, Jr., is not to be treated as a grandchild. All other grandchildren, natural or adopted, are in line to inherit.